IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOW CHEMICAL CANADA, INC., on its own and as assignee of THE DOW CHEMICAL COMPANY, | § § § § | |
| Plaintiff, | § § | D. DEL. CIVIL ACTION NO. 1-05-0023 |
| V. | § § § § | S.D. TEX. MISC. ACTION NOS.    H-10-0138 H-10-0139 |
| HRD CORPORATION (d/b/a Marcus Oil & Chemical), | § § § | H-10-0141 H-10-0142 H-10-0144 |
| Defendant, | § § | |

**MEMORANDUM AND ORDER**

This memorandum and order addresses five motions filed by HRD and affiliated or related entities and individuals to quash a subpoena issued by Dow Chemical Canada, Inc. and the Dow Chemical Company (collectively "Dow"). The subpoenas were issued in this district but relate to a case pending in federal court in Delaware, *Dow Chemical Canada, Inc. v. HRD Corp.*, No. 05-023 (JJF). In the Delaware litigation, Dow sued HRD Corporation (d/b/a Marcus Oil & Chemical) for breach of contract and HRD asserted six counterclaims. On September 24, 2009, the Delaware court granted summary judgment for Dow on the breach of contract claim and most of the counterclaims. HRD later filed a motion for sanctions, which the court denied. On January 5, 2010, the court awarded Dow $324,462 in costs and fees incurred in defending the sanctions motion. The order required HRD to pay by January 14, 2010. HRD did not pay. Instead, on January 13, 2010, it filed a motion to stay or reconsider the order on the basis that it was unable to pay. HRD asserted that the sanctions order would impose undue financial hardship.

After receiving that motion, Dow issued nine subpoenas seeking information about HRD's financial condition. According to Dow:

> Those subpoenas seek information from: (1) HRD's principals (Aziz and Abbas Hassan); (2) their brother and Rig Runner's President Amir Hassan; (3) Rig Runner (Rig Runner Express, Inc. and Rig Runner Express, Inc. of Texas); (4) the accountant who prepared HRD's financial statements (Dorothy Pearce); (5) HRD's law firm of choice for several recent lawsuits (O'Donnell, Ferebee, Medley & Keiser, P.C.); and (6) banks with whom HRD has a relationship (Crosby State Bank, JPMorgan Chase Bank, and Community Bank of Texas).

(Docket Entry No. 2 at 6 in No. 4:10-mc-0138). Miscellaneous case No. 4:10-mc-0138 relates to the Rig Runner subpoena; case No. 4:10-mc-0139 relates to the O'Donnell, Ferebee subpoena; case No. 4:10-mc-0141 relates to the subpoena sent to Crosby State Bank; case No. 4:10-mc-142 relates to the Pearce subpoena; and case No. 4:10-0144 relates to subpoenas sent to Abbas and Aziz Hassan. These subpoenaed parties are referred to collectively as the "movants."

The movants argue that the subpoenas should be quashed because the discovery deadline in the Delaware litigation has long passed, the subpoenas were inconsistent with previous orders of the Delaware court and the special master appointed in that case, and the subpoena requests were overbroad and/or not calculated to lead to relevant information. Dow has responded in each case, arguing that the subpoenas should be enforced because they are relevant to HRD's ability to pay the fee award, the subpoenas were timely, and there was good cause to issue the subpoenas despite the deadline in the Delaware case. Dow also argues that this court should transfer the motions to the Delaware court for resolution or stay the decision on the motions until the Delaware court has ruled on a related motion.

In the Delaware litigation, Dow moved to amend the scheduling order to permit limited discovery. HRD has responded and Dow has replied. The Delaware court has not yet ruled. Because an amendment to the scheduling order permitting limited discovery would moot the motions to quash, it is appropriate for this court to stay the motions to quash pending the Delaware court's ruling on the motion to amend. The parties are ordered to file a statement informing this court within 7 days after the Delaware court rules.

Dow's alternative motion to transfer is denied. Rule 45 allocates authority over subpoenas to the court for the district from which they are issued. The rule states that "[o]n timely motion, the *issuing court* must quash or modify a subpoena" under certain circumstances and "the *issuing court* may, on motion, quash or modify the subpoena" under other circumstances. FED. R. CIV. P. 45(c)(3)(A), (c)(3)(B) (emphasis added). Courts applying Rule 45 have held that "any controversies regarding the production of documents from nonparty witnesses shall be decided in the court which issued the subpoena, unless the nonparty consents to determination elsewhere." *See Highland Tank & Mfg. Co. v. PS Intern., Inc.*, 227 F.R.D. 374, 381 (W.D. Pa. 2005); *see also Wells v. GC Services LP*, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ("[T]his court is not the proper court to quash or modify the subpoenas, which all issued from other courts."); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 893 (S.D. Ind. 2006) (stating that a court sitting in the district where the subpoena was issued and where responsive documents are located is the "proper forum to rule on a motion to enforce the subpoena duces tecum"); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[O]nly the issuing court has the power to act on its subpoenas."); *Fincher v. Keller Industries, Inc.*, 129 F.R.D. 123, 125 (M.D. N.C. 1990) ("With respect to non-parties and the enforcement of a Rule 45, Fed. R. Civ. P. subpoena, the Court which issues the subpoena is the

proper forum for ruling on motions to compel."); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68, 69 (M.D.N.C. 1986) ("Rule 45 specifically provides that objections to subpoenas be considered by the issuing court."); 9A CHARLES A. WRIGHT *et al*, FEDERAL PRACTICE AND PROCEDURE § 2463.1 (3d ed. 2008) ("Under Rule 45 as it currently reads, motions to quash, modify, or condition the subpoena are made in the district court in the district from which the subpoena issued. This is quite logical since it is the issuing court that has the needed jurisdiction to enforce the subpoena, and therefore is the logical forum for altering its terms or rendering it nugatory.").

Courts have disagreed about whether an issuing court has authority to transfer a motion to quash to the court presiding over the case. Some courts have interpreted Rule 45 as "offer[ing] no authorization to transfer a motion to quash and seem[ing] at least implicitly to forbid it." *In re Sealed Case*, 141 F.3d at 341; *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir. 1996) (rejecting transfer of discovery disputes); *Prosonic Corp. v. Baker*, 2008 WL 1766887, at *1–2 (S.D. Ohio Apr. 7, 2008) ("It is clear that this Court cannot shirk its responsibility to decide issues arising from the service of a subpoena . . . simply by transferring the proceedings to the court in which the underlying litigation is pending."). Other courts have upheld an issuing court's authority to transfer a discovery motion to the district where the underlying litigation is pending. *See*, *e.g.*, *In re Digital Equip. Corp.*, 949 F.2d 228, 231 (8th Cir.1991) (stating that court issuing subpoenas pursuant to Rule 45 may remit consideration of objections to court where underlying case is pending); *Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991) (finding nothing improper where the court issuing the subpoena transferred a motion to compel to district with jurisdiction over underlying litigation); *Avance v. Kerr-McGee Chemical LLC*, 2005 WL 5315654, at *4 (E.D.Tex. Aug. 9, 2005) ("[W]hile the issuing court has

exclusive jurisdiction to rule on objections to a deposition subpoena, the issuing court 'may in its discretion remit the matter to the court in which the action is pending. FED. R. CIV. P. 26(c).'" (quoting *In re Digital Equip. Corp.*, 949 F.3d at 231).

The text of Rule 45 does not offer secure support for an issuing court to transfer a motion to quash or compel subpoenas to another court, even if the underlying action is pending in that court and the motion is closely related to the substance of the pending action. As the D.C. Circuit observed, the text of Rule 45, "suggests that only the issuing court has the power to act on its subpoenas." *In re Sealed Case*, 141 F.3d at 341. In addition to questions of authority under the Rules, there are issues of personal jurisdiction that arise in addressing subpoenas in distant districts. Under the current rules, even if separating the motions to quash from the rest of the action is not the most efficient approach, "Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties." *Id.* at 342 (citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 40-41, 118 S. Ct. 956, 964-65 (1998)). For this reason, many courts have found transfer appropriate only when the party opposing the subpoena has consented to the transfer or otherwise expressly submitted to the jurisdiction of that court. *See, e.g., Stanziale v. Pepper Hamilton LLP*, No. M8-85, 2007 WL 473703, at *3-5 (S.D.N.Y. 2007) (permitting transfer when the subpoena recipient had indicated it preferred that the issues be decided by the court presiding over the case); *United States v. Star Scientific, Inc.*, 205 F.Supp.2d 482, 486 (D. Md. 2002) (same); *Byrnes*, 111 F.R.D. at 70 n.2 ("However, as to non-parties, transfer is limited to situations where the non-party has moved for a protective order under Rule 26(c) or consents to

5

the transfer."). The movants have opposed transfer in this case and the record does not show that they have asked for a Rule 26(c) protective order.[1] Dow's motions to transfer are denied.

Finally, the movants have all filed motions seeking the attorneys' fees they incurred in contesting the subpoenas. Dow has responded to the motions seeking fees. Under Rule 45(c)(1), attorneys' fees are available if the party serving the subpoena does not take "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 45(c)(1). The movants also argue that fees are available as a sanction under Rules 16 and 37 based on Dow's failure to obtain leave to modify the scheduling order before seeking the subpoenas. *See* FED R. CIV. P. 16(f); FED. R. CIV. P. 37 (b)(2)(A). An order from the Delaware court granting Dow's motion to amend the scheduling order would permit the limited discovery to proceed, which makes fees inappropriate under Rule 45. And sanctions under Rule 16(f) and Rule 37 sanctions are optional, and *may* be awarded if "just." *See* FED R. CIV. P. 16(f); FED. R. CIV. P. 37 (b)(2)(A); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S. Ct. 2099 (1982). Because Dow only sought the discovery after HRD asserted a questionable claim of insolvency, and did so in a way targeted to that assertion, it would not be just to award sanctions

---

[1] In a concurring opinion in *In re Sealed Case,* the court stated that "[a]ssuming such [transfer] authority exists, it should be reserved for the extraordinary, complex case in which the transferee court is plainly better situated to resolve the discovery dispute." 141 F.3d at 343 (Henderson, J., concurring). Other courts have looked to similar considerations. *See, e.g., Stanziale*, No. M8-85, 2007 WL 473703, at *4-5 (granting motion to transfer based on the recipient's consent because there were issues of privilege and cost sharing that could be better addressed by the presiding judge, who had already been asked to address those issues in the underlying case); *In re Welding Rod Products Liability Litigation*, 406 F.Supp.2d 1604, 1607-08 (N.D. Cal. 2005) (granting motion to transfer in an MDL case, in which the ordinary rules barring transfer do not apply, because of the complexity of the issues in the case and the MDL judge's familiarity with them). In the present case, those considerations would not warrant a contrary conclusion even if this court clearly had the authority to transfer the motions to the Delaware court. The subpoenas relate to a collateral issue in the case, HRD's ability to satisfy a judgment of sanctions entered against it, which would not require this court to wade into the complex merits issues presented to the Delaware court.

under Rule 37. This is particularly true because the Delaware court may find good cause for amending the scheduling order and permit the discovery. The motions for attorneys' fees are denied.

Based on the above, in all five cases, the motions to quash are stayed pending the Delaware court's ruling on the motion to amend the scheduling order. The parties must file a written report advising this court of that ruling within 7 days after it issues. The motions to transfer to the Delaware court are denied. The motions for attorneys' fees are denied.

SIGNED on July 2, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge